UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSHOMBE M. KELLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LEE ANN LUNDY,<br><br>　　　　　Respondent. | No.  2:23-cv-1167 SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. §2254. Before the court is respondent's motion to dismiss the petition. For the reasons set forth below, this court will recommend the motion be granted because the court lacks jurisdiction to consider petitioner's claim.

**BACKGROUND**

Petitioner is serving an indeterminate sentence of 25 years to life with the possibility of parole. (See ECF No. 9 at 6-8.[1]) He filed this petition for a writ of habeas corpus in June 2023. (ECF No. 1.) Petitioner challenges the 90-day loss of good time credits resulting from a February

////

---

[1] With the motion to dismiss, respondent filed an abstract of the 2001 judgment against petitioner. Petitioner does not challenge the validity of that exhibit. The court may take judicial notice of matters of public record. Fed. R. Evid. 201.

1

1   2023 prison disciplinary conviction. He contends the loss of credits is affecting possible
2   resentencing and his parole eligibility.
3       In February 2024, petitioner submitted a supplement to the petition. (ECF No. 5.) It
4   appears to be pages from a January 2024 report prepared by the Executive Office of the Board of
5   Parole Hearings. Petitioner states that it supports his argument that the challenged disciplinary
6   conviction would be considered at his April 2024 parole eligibility hearing.
7       In April 2024, respondent filed the present motion to dismiss. (ECF No. 9.) Respondent
8   argues that the petition should be dismissed because it is not cognizable in a §2254 action.
9   Petitioner filed an opposition to the motion (ECF No. 10) and respondent filed a reply (ECF No.
10  11).
11      Recently, petitioner filed a request to expedite findings and recommendations in this case.
12  (ECF No. 14.) Petitioner states that a magistrate judge in the Central District of California
13  recently recommended denial of a habeas petition he filed there on essentially the same issue
14  raised in this case.[2] Petitioner wants to join any appeal in the present case with an appeal of the
15  Central District's decision. Because this court is issuing findings and recommendations in due
16  course, petitioner's request to expedite is moot.

**MOTION TO DISMISS**

**I.    Legal Standards for Motion to Dismiss**

19      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
20  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
21  petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit
22  construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4.
23  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review
24  respondent's motion to dismiss pursuant to its authority under Rule 4.

---

[2] In the Central District case, petitioner challenged a November 2, 2022 disciplinary conviction. Kelley v. Lundy, No. 2:23-CV-08674-SVW-SP (C.D. Cal.). In August 2024, Magistrate Judge Pym recommended granting a similar motion to dismiss on the same grounds this court cites herein. See Kelley, 2024 WL 4467600, at *1 (C.D. Cal. Aug. 19, 2024). A review of the docket in the Central District case shows that the district judge has not yet ruled on the magistrate judge's recommendation.

2

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

## II.     Legal Standards for Habeas Jurisdiction

Claims in a federal habeas petition must lie at the core of habeas corpus in order to proceed.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).  Specifically, habeas jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's confinement.  Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018).  This requirement is readily met when a prisoner challenges his conviction or sentence.  When the challenge is to internal prison disciplinary proceedings, however, habeas jurisdiction exists only if success on the petitioner's claims would necessarily result in his speedier release from custody. Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

The Ninth Circuit has found habeas jurisdiction lacking where a California petitioner was serving an indeterminate sentence and had not been found suitable for parole.  Nettles, 830 F.3d at 934-35.  In such circumstances, expungement of disciplinary findings and restoration of credits might increase the likelihood of a future grant of parole, but would not guarantee parole or otherwise "necessarily result in speedier release" under state law.  Id.

## III.    Discussion

This court can entertain petitioner's challenge to his 2023 prison disciplinary proceeding only if its outcome has a necessary effect on the duration of petitioner's confinement.  See Skinner v. Switzer, 562 U.S. 521, 525 & n.13 (2011) (federal habeas jurisdiction lies only where success on claim would "necessarily spell speedier release from prison" (internal quotations omitted)).  A loss can have a "necessary" effect on the duration of confinement only if there is an otherwise certain release date which is necessarily postponed as the result of credit recalculation.

3

In California this requires either a determinate sentence or, in the case of an indeterminately sentenced inmate, a prior finding of parole suitability. See Nettles, 830 F.3d at 934-35. Because petitioner is serving an indeterminate life sentence, and has not previously been found suitable for parole and granted a concrete release date, his credit forfeiture can have no more than a speculative relationship to the ultimate duration of his incarceration. See id. at 935 (because future parole suitability decisions turn on multiple factors, "the presence of a disciplinary infraction does not compel the denial of parole, nor does the absence of an infraction compel the grant of parole."); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (recognizing that relief which would improve future parole eligibility does not "guarantee parole or necessarily shorten ... prison sentences by a single day").

In his opposition, petitioner argues that at the April 2024 hearing, the Board of Parole Hearings did, in fact, consider his disciplinary conviction in denying him parole for five years. (See ECF No. 10 at 3.) Petitioner argues that if his disciplinary conviction were overturned, he would be entitled to a new parole hearing immediately or within three, rather than five, years. (Id. at 2.) However, entitlement to a parole hearing does not necessarily mean petitioner will be granted parole. A new parole hearing would not "necessarily" result in a shorter sentence.

Because restoration of petitioner's forfeited good time credits would not "necessarily spell speedier release from prison," his challenge to the disciplinary hearing falls outside the core of federal habeas corpus. See Nettles, 830 F.3d at 934-35. The petition should be dismissed on that basis.

### IV. No Conversion to Civil Rights Action

Although this court has discretion to construe petitioner's habeas application as a civil rights action pursuant to 42 U.S.C. §1983, this court recommends declining to do so in this case. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Due to the Prison Litigation Reform Act's filing fee requirements, its provisions requiring screening of complaints, and its limits on

the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless they clearly express a desire to do so. See 28 U.S.C. §§1915, 1915A; 42 U.S.C. §1997e.  In the present case, this court does not recommend recharacterizing petitioner's habeas petition as a federal civil rights action.  Instead, this court recommends that the habeas corpus petition be dismissed without prejudice to filing a §1983 action should petitioner choose to do so.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Petitioner's motion to expedite findings and recommendations (ECF No. 14) is denied as moot.
2. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be granted and the petition be dismissed without prejudice to its renewal as an action under 42 U.S.C. §1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the

////
////
////
////
////

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 4, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6